**Juan Jose MARTINEZ–GONZALEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76780.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided July 27, 2006.

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Simon Salinas, Esq., Tustin, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., Thomas Fatouros, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Juan Jose Martinez–Gonzalez, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from an immigration judge's ("IJ") removal order. We have jurisdiction pursuant to 8 U.S.C. § 1252, *Abebe v. Gonzales*, 432 F.3d 1037, 1040–41 (9th Cir.2005) (en banc), and deny the petition for review.

Martinez–Gonzalez contends that he needed more time "to question government witnesses" after the government presented evidence that he was previously deported. This evidence included a fingerprint match linking Martinez–Gonzalez to a 1991 deportation order issued to Antonio Preciado–Cruz. Martinez–Gonzalez stated

in his cancellation of removal application that he has been known as "Antonio Preciado." At no time during the relevant October 20, 2003 hearing did counsel request a continuance, although he did ask that the government present a witness to support its evidence. In these circumstances, we conclude that the IJ acted properly in determining that such a witness was not necessary. Martinez–Gonzalez was accorded a full and fair hearing. *See generally Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) ("[A]n alien who faces deportation is entitled to a full and fair hearing of his claims and a reasonable opportunity to present evidence on his behalf.").

Upon his deportation in 1991, Martinez–Gonzalez's lawful permanent resident status terminated. *See* 8 C.F.R. § 1001.1(p) ("Such status terminates upon entry of a final administrative order of [deportation]."). Accordingly, as the IJ correctly concluded, Martinez–Gonzalez is ineligible for lawful permanent resident relief under former 8 U.S.C. § 1182(c). Because of Martinez–Gonzalez's 1989 controlled substance conviction, he is also ineligible for nonpermanent resident cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(C).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.